UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **JOHN B. DEVILLIER, JR.** | **CIVIL ACTION NO. 07-255** |
| **VS.** | **SECTION P** |
| **SOUTHWEST LOUISIANA CRIME LAB** | **JUDGE DOHERTY** <br> **MAGISTRATE JUDGE METHVIN** |

*REPORT AND RECOMMENDATION*

Before the court is a civil rights complaint (42 U.S.C. § 1983) filed *in forma pauperis* by *pro se* plaintiff John B. Devillier, Jr., on February 14, 2007.

Devillier is incarcerated at the Calcasieu Correctional Center (CCC), Lake Charles, Louisiana, awaiting trial on charges of aggravated rape of juvenile and sexual battery of a juvenile. He names as defendant the Southwest Louisiana Crime Lab (SLCL). Devillier alleges that the defendant is attempting to get samples of his DNA under false pretenses. He seeks an award of 3 million dollars and the prosecution of defendant for wrong doing.[1]

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

## STATEMENT OF THE CASE

Devillier states that he has a rare genetic mutation, and defendant wants more of his DNA for scientific research rather than for use in the criminal charges pending against him. He alleges that the defendant perjured itself in court on October 25, 2006, by claiming that his first saliva sample was insufficient to establish a DNA profile.

---

[1] To the extent that Devillier is asking the court to do so, the undersigned notes that this court cannot impose criminal charges on the defendant. Such actions are within the province of the police department and district attorney's office of the parish were the alleged actions took place. The court's duty is to review the Devillier's compliant for alleged violations of his constitutional rights, and not to act as a policeman for the plaintiff.

2

## **LAW AND ANALYSIS**

### Frivolity Review

When a prisoner seeks redress from a governmental entity or from an officer or employee of a governmental entity, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous,[2] malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C.1915A; 28 U.S.C.1915(e)(2); *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C.1997e(c)(1). A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). District courts must construe *in forma pauperis* complaints liberally, particularly in the context of dismissals under § 1915(e)(2)(B), but are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994). A complaint may not be dismissed under § 1915(d)(2)(B) "simply because the court finds the plaintiff's allegations unlikely." *Jolly v. Klein*, 923 F.Supp. 931, 942-43 (S.D.Tex.1996).

A civil rights plaintiff must support his claim(s) with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim

---

[2] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

3

if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

While Devillier's pleading is short on detail, the undersigned concludes that Devillier has presented the best case possible under the circumstances, and that further amendment of the pleadings would serve no useful purpose.  See, *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).  Accepting all of Devillier's allegations as true, and giving him the benefit of every doubt, the court concludes, for the reasons stated hereinafter, that he has failed to state a claim for relief, that his claims are frivolous as a matter of law, and that his complaint should therefore be dismissed with prejudice.[3]

**Fourth Amendment Claim**

Devillier's claims implicate a violation of his Fourth Amendment right to be free from unlawful search and seizure.  However, the claims are meritless, as "the collection of a blood sample from an inmate for DNA analysis is a reasonable search and does not violate the Fourth Amendment... ."  *Lucas v. Director, Texas Department of Public  Safety, et al,* 95 Fed. Appx. 100 (5th Cir. 2004) (Unpublished Opinion); and, *Velasquez v. Woods*, 329 F.3d 420, 421 (5th Cir.2003).

---

[3] Devillier currently has two additional civil rights suits pending in this court, namely 07-0252, *Devillier v. Calcasieu Parish Sheriff's Department*, and 07-0254, *Devillier v. Calcasieu Parish District Attorney's Office*. Devillier is put on notice that should those matters, along with this case, be dismissed as frivolous, Devillier will be precluded from filing another civil rights case unless he is under imminent danger of serious physical injury: Title 28 U.S.C. §1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

4

Accordingly,

**IT IS RECOMMENDED** that Devillier's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted in accordance with the provisions of 28 U.S.C. § 1915A.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5${}^{th}$ Cir. 1996).**

Signed at Lafayette, Louisiana, on July 20, 2007.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)